[730 NYS2d 118]

In the Matter of ROBERT BERKOWITZ, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 27, 2001

### APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Chris G. McDonough* of counsel), for petitioner.

*Slavin & Slavin,* New York City (*Barton L. Slavin* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated June 30, 2000, containing 10 charges of professional misconduct against him. After a prehearing conference on August 29, 2000, and a mitigation hearing on October 18, 2000, the Special Referee sustained all 10 charges. The petitioner now moves to confirm the Special Referee's findings and to impose such discipline upon the respondent as the Court deems just and proper. In reply, the respondent admits his breaches of various obligations of the rules and codes governing the conduct of attorneys but submits that while he should be penalized, he should not be disbarred.

Charge One alleges that the respondent neglected a legal matter entrusted to him by a client, Henry Jacobsen, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent was retained by Mr. Jacobsen in April 1994 to prosecute a medical malpractice action. Due to the respondent's failure to adequately prosecute the complainant's action, it was dismissed on or about November 24, 1995. As a result of the respondent's failure to move to restore the matter to the calendar, the complainant's rights have been irreparably prejudiced. The respondent failed to advise the complainant of the dismissal of his action.

Charge Two alleges that the respondent failed to cooperate with the petitioner's lawful investigation into the Jacobsen complaint, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated November 24, 1997, Grievance Counsel forwarded to the respondent notice of the Jacobsen complaint and demanded his written response within 15 days. No response was received. The petitioner sent the respondent a

second copy of that letter on May 18, 1998. Additional letters requesting a response to the Jacobsen complaint were sent to the respondent on April 6, April 21, May 26, August 11, September 23, October 29, 1999, and February 17, 2000. Notwithstanding the respondent's receipt of those letters and his conversations with Grievance Counsel, the respondent failed to provide the requested response until March 14, 2000.

Charge Three alleges that the respondent failed to cooperate with the petitioner's lawful investigation into the complaint of a client, Leonard Marshall, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated December 15, 1997, Grievance Counsel forwarded notice of the Marshall complaint to the respondent and demanded his written response within 15 days. The petitioner forwarded the respondent's reply to the complainant. The respondent failed to reply to a letter from the petitioner dated February 2, 1998, requesting further information regarding the Marshall complaint. Additional letters requesting further specific information and documents were sent to the respondent on April 6, April 21, May 26, August 11, September 23, October 29, 1999, and February 17, 2000. Notwithstanding the respondent's receipt of those letters and his conversations with Grievance Counsel, the respondent failed to provide the requested response until March 14, 2000.

Charge Four alleges that the respondent failed to cooperate with the petitioner's lawful investigation into the complaint of a client, Rafael Gutierrez, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

This complaint was initially brought to the Departmental Disciplinary Committee of the First Department and was transferred after service of the response. By letter dated March 26, 1998, Grievance Counsel requested further information. The respondent failed to reply to that letter or to a follow-up letter dated August 19, 1998.

By letter dated November 9, 1998, the petitioner reminded the respondent of his two prior failures to reply and afforded him 10 days within which to provide his written response under threat of an interim suspension. The respondent still failed to reply. The respondent finally provided the requested information in response to the petitioner's follow-up letter dated February 9, 1999.

Additional letters seeking specific information relative to the Gutierrez complaint were sent to the respondent on April 6,

April 21, May 26, August 11, September 23, October 29, 1999, and February 17, 2000. Notwithstanding the respondent's receipt of those letters and conversations with Grievance Counsel, the respondent failed to provide the requested response until March 14, 2000.

Charge Five alleges that the respondent failed to cooperate with the petitioner's lawful investigation into the complaint of a client, Avi Daniel, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated January 28, 1998, Grievance Counsel forwarded the respondent notice of the Daniel complaint and requested his written answer within 15 days. The respondent failed to reply to that letter or a follow-up letter dated March 26, 1998. The petitioner sent additional letters dated April 6, April 21, May 26, August 11, September 23, October 29, 1999, and February 17, 2000, to the respondent requesting that he supply certain specific responses, information, and records relative to the Daniel complaint. Notwithstanding the respondent's receipt of those letters and conversations with Grievance Counsel, the respondent failed to provide the requested response until March 14, 2000.

Charge Six alleges that the respondent failed to cooperate with the petitioner's lawful investigation into the complaint of a client, Joanne Daniels, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated September 14, 1998, Grievance Counsel forwarded to the respondent notice of the Daniels complaint and requested his written answer within 15 days. The respondent failed to reply to that letter or a follow-up letter dated November 9, 1998. By hand delivered letter dated February 9, 1999, the respondent was reminded of his failures to respond to the aforementioned letters and was afforded 10 days to cooperate with the petitioner's demands. The respondent filed a reply on February 19, 1999.

The petitioner sent additional letters to the respondent on April 6, April 21, May 26, August 11, September 23, October 29, 1999, and February 17, 2000, continuing to request further specific information and documents relative to the Daniels complaint. Notwithstanding the respondent's receipt of those letters and his conversations with Grievance Counsel, the respondent failed to provide the requested response until March 14, 2000.

Charge Seven alleges that the respondent neglected a legal matter entrusted to him by a client, Elizabeth Urena, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

A provisional settlement was entered into with one of the defendants, subject to the Surrogate's approval. Although directed by the Court to provide further information, the respondent failed to do so. The defendant's motion to dismiss for failure to prosecute the action was granted without opposition from the respondent. The respondent took no action to restore the case.

Charge Eight alleges that the respondent failed to cooperate with the petitioner's lawful investigation into the Urena complaint, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [5], [7]).

The petitioner sent the respondent letters dated April 6, April 21, May 26, August 11, September 23, October 29, 1999, and February 17, 2000, which, *inter alia,* requested that he supply certain specific responses, information, or records relative to the Urena complaint. Notwithstanding the respondent's receipt of those letters and his conversations with Grievance Counsel, the respondent failed to provide the requested response until March 14, 2000.

Charge Nine alleges that the respondent failed to cooperate with the petitioner's lawful investigation into the complaint of a client, Gisela Acosta.

After the respondent filed an answer to the Acosta complaint, the petitioner sent additional letters dated April 6, April 21, May 26, August 11, September 23, October 29, 1999, and February 17, 2000, which, *inter alia,* sought further specific responses, information, and documents relative to the Acosta complaint. Notwithstanding the respondent's receipt of those letters and his conversations with Grievance Counsel, the respondent failed to provide the required response until March 14, 2000.

Charge Ten alleges that the respondent commingled his own personal funds with client escrow funds by placing personal funds into his escrow account and failing to segregate them, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

The respondent maintained an escrow account at Chase Bank. From July through December 1999, the respondent

maintained, deposited, and withdrew client funds in and out of the escrow account. Between July and September 1999, the respondent simultaneously maintained both client funds and personal funds in the Chase escrow account and failed to properly segregate client funds from his own.

In view of the respondent's admissions, the Special Referee properly sustained all 10 charges of professional misconduct. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his expressed remorse, the absence of venal intent, his eventual cooperation with the petitioner, his actions to remove the judgment which stands as an impediment to the resolution of the escrow matters, his commencement of psychotherapy to combat his depression, and the emotional turmoil generated by the grave illnesses of his wife and son.

The respondent's disciplinary history consists of a Letter of Caution dated September 24, 1999, for taking eleven months to provide a closing statement to a client and to pay a court stenographer's bill. The petitioner for the Tenth Judicial District also issued the respondent a Letter of Caution dated October 17, 1997, for failure to promptly return all client property in his possession after being relieved by that client. The respondent was also issued a Letter of Admonition by the First Department in 1994.

In view of the compelling evidence offered by the respondent in mitigation, he is suspended from the practice of law for five years.

Bracken, P. J., O'Brien, Ritter, Santucci and S. Miller, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Robert Berkowitz, is suspended from the practice of law for a period of five years, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR

691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert Berkowitz, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.